# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. WEINBERG,<br>    *Plaintiff*,<br><br>v.<br><br>MAURA HEALY, LISA WOLF, STANLEY SPERO, SPERO AND JORGENSON, P.C., LOURDES COLO, BROOKER BUSH, MARTIN CRANE, ALICE OLIFF, RICHARD WARING, HIN. KIMBERLY BUDD, HON. MARGARET WALSH, HON. SARAH LUICK, HON NATALIE KILLBORN, ANDREA CAMPBELL, THOMAS REILLY, JULIE FROHLICH, NAGINA MANGAL, ANN GRAYBEIL, SALLY KORNBLUTH, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, MIT CAMPUS POLICE DEPARTMENT, CRAIG MARTIN KILLIAN CASEY, PANACHE FLINT, MICHAEL ALLEN, VINCENT DICIANNI, FERRITER SCOBBO AND ROLOPHELE, P.C., CLAUDIA HUNTER, ROBERT STOLTZBERG, PAULA LAZAR, AMY BANKS, STEN LOFGREN, JAMES BECK, SIMONS FOUNDATION AUTISM RESEARCH INITIATIVE, CHDI FOUNDATION, and HUMAN RESOURCES INSTITUTE<br>    *Defendants*. | Civil Action No.: 26-cv-13362 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Massachusetts Institute of Technology ("MIT"), MIT Campus Police Department, Nagina Mangal, Ann Graybiel, Sally Kornbluth, Craig Martin, Michael Allen, Panache Flint and Killian Casey (together, the "MIT Defendants") remove this action from the Superior Court of the Commonwealth of Massachusetts

1

for Middlesex County to the United States District Court for the District of Massachusetts. As grounds for removal, the MIT Defendants state as follows.

## Nature of the Case and Procedural History

1.      The plaintiff, Robert Weinberg, is a former physician and law school graduate. Weinberg lost his license to practice medicine because he had a sexual relationship with one of his patients. The events leading to the loss of his medical license and his response to that loss have had other significant consequences for Weinberg including, among other things, the denial of his admission to the Maine bar.

2.      Weinberg has filed multiple lawsuits arising from these events, none of which have succeeded.

3.      Most recently, on July 15, 2026, Weinberg filed a new Complaint in the Middlesex County Superior Court entitled *Robert P. Weinberg v. Maura Healy, et al.*, C.A. No. 2681CV01878.  A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

4.      Weinberg's Complaint spans 103 pages, contains 529 paragraphs of allegations, and asserts 55 counts seeking declaratory relief, injunctive relief, and money damages against a variety of defendants, including the Governor of the Commonwealth, the Attorney General of the Commonwealth, and the Chief Justice of the Supreme Judicial Court.

5.      Weinberg's new Complaint repackages the claims asserted in his prior lawsuits. *See 24-cv-11606-WGY, 24-cv-13035-WGY, and 24-cv-13044-WGY*.  Among the claims asserted in the Weinberg's new Complaint are claims brought under 42 U.S.C. §§ 1983 and 1985, Title VI, Title VII, Title IX, and the Americans with Disabilities Act.

**Removal Jurisdiction and Venue**

6.      A civil action filed in state court may be removed to federal district court if at least one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). Weinberg alleges numerous such claims, including but not limited to violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VI, Title VII, Title IX, and the Americans with Disabilities Act. Compl., ¶¶ 47, 354-74, 387-390, 452-455, 464-466, 479-89.

7.      The Court has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

8.      Venue is proper in this Court because this is the federal judicial district and division in which the state court action was filed. 28 U.S.C. § 1441(a).

**Procedural Issues**

9.      Pursuant to 28 U.S.C. § 1446(a), the MIT Defendants have attached copies of all "process, pleadings, and orders served upon them in this case." **See Exhibit A.**

10.      The MIT Defendants first received a copy of the Complaint on July 15, 2026, when Plaintiff sent a courtesy copy by email to counsel for the MIT Defendants.

11.      This Notice of Removal is timely because it is filed within 30 days of the MIT Defendants' first receipt of the complaint. 28 U.S.C. § 1446(b).

12.      The MIT Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County and will serve the notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

13. Certified copies of the entries in the Superior Court docket will be filed in connection with the MIT Defendants' Local Rule 81.1(a) submission.

14. Counsel for the MIT Defendants are not aware that any of the other Defendants have yet been properly joined and served and no returns of service have been filed. However, The MIT Defendants anticipate the remaining Defendants will consent to this removal.

WHEREFORE, the MIT Defendants give notice of removal of the action from the Superior Court of Middlesex County, Massachusetts to the United State District Court for the District of Massachusetts.

Respectfully submitted,

/s/Andrea L. Martin
Daryl J. Lapp, BBO # 554980
Andrea L. Martin, BBO # 666117
Judah H. Rome, BBO # 695997
TROUTMAN PEPPER LOCKE LLP
111 Huntington Ave., 9th Fl.
Boston, MA  02199
617-239-0100
Daryl.Lapp@troutman.com
Andrea.Martin@troutman.com

Dated: July 22, 2026                Judah.Rome@troutman.com

*Counsel for Massachusetts Institute of Technology, MIT Campus Police Department, Nagina Mangal, Ann Graybiel, Sally Kornbluth, Craig Martin, Michael Allen, Panache Flint and Killian Casey*

4

## **CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy will be sent to the plaintiff, Robert Weinberg, by e-mail and first-class mail.

*/s/ Andrea L. Martin*