**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2026 AUG 19 A 11:17
U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT WEINBERG,
Plaintiff,

v.

MAURA HEALEY, et al.,
Defendants,

v.

VERA KOLEDOVA,
Proposed Intervenor-Plaintiff.

**Civil Action No.**
1:26-cv-13362-WGY

---

**PROPOSED INTERVENOR VERA KOLEDOVA'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a) AND (b), WITH MEMORANDUM IN SUPPORT, AND PROPOSED COMPLAINT IN INTERVENTION**

NOW COMES proposed Intervenor-Plaintiff Vera Koledova ("Koledova" or "Intervenor"), wife of Plaintiff Robert Weinberg, appearing pro se, who respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, Federal Rule of Civil Procedure 24(b)(1)(B), for leave to intervene as a plaintiff in the above-captioned action. In support of this Motion, Koledova states as follows, and attaches her Proposed Complaint in Intervention as Exhibit A hereto.

## I. INTRODUCTION

1. This Motion arises out of the same law-enforcement encounter that gives rise to claims already pending before this Court in the above-captioned action against, among others, Defendant Craig Martin and the MIT Campus Police — specifically, the stop, seizure, and

interrogation conducted on the afternoon of July 18, 2024 on Ames Place, Cambridge, Massachusetts (the "July 18, 2024 Incident"), in which MIT Campus Police officers, joined by four Cambridge Police officers, surrounded a vehicle occupied by Plaintiff Robert Weinberg and Koledova with three police cruisers, ordered Weinberg out of the vehicle, seized his driver's license, and read him his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

2.During that same encounter, and while Weinberg was being detained, officers separately approached Koledova — who was not suspected of any wrongdoing and was not the subject of any warrant, complaint, or investigation — asked to see her work identification, questioned her about where she lived and where she worked, and displayed their firearms to her.

3.As a direct and proximate result of that detention, interrogation, and display of firearms, Koledova suffered acute physical and psychological injury at the scene, including extreme anxiety, cardiac palpitations (aggravated by a pre-existing cardiac condition), sweating, and acute abdominal (stomach) pain, of such severity that she required medical treatment at Massachusetts General Hospital immediately following the encounter.

4.In the more than two years since the July 18, 2024 Incident, and continuing to the present, Koledova has continued to suffer recurrent nightmares, palpitations, sweating, and a persistent fear of people — particularly police officers — consistent with, and giving rise to a diagnosis of, post-traumatic stress disorder ("PTSD").

5.Koledova's claims arise from the identical operative facts, the identical MIT Campus Police conduct (by named officers Killian Casey, Panache Flint, and Michael Allen, under the

supervision of Captain Craig Martin), and, in significant part, the identical Defendants already before this Court in the pending action, and share numerous common questions of law and fact with Plaintiff Weinberg's existing claims, including but not limited to: (a) the lawfulness and reasonableness of the stop; (b) the scope and duration of the seizure of persons present in the vehicle; (c) the conduct, training, and supervision of the MIT Campus Police officers involved, including the policy attributed to Captain Martin of directing MIT Campus Police to monitor and pursue Weinberg's vehicle in the Kendall Square area; and (d) MIT's status as a state actor for purposes of 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H–11I, in connection with campus police functions exercised under M.G.L. c. 22C, § 63.

6.The July 18, 2024 Incident, including the conduct toward Koledova, is independently documented in Plaintiff Weinberg's related pleadings, including the complaint filed in Weinberg v. Wolfe, et al., Middlesex Superior Court C.A. No. 2481CV03106, which Koledova incorporates by reference solely as to the factual narrative of the Incident.

7.Intervention will promote judicial economy, avoid the risk of inconsistent factual findings regarding a single continuous encounter, and impose no prejudice or undue delay on the existing parties, as this action remains in its early procedural stages.

8.Koledova appears in this matter pro se, in the exercise of her statutory right to plead and conduct her own case personally under 28 U.S.C. § 1654, and will sign all filings in her own name in accordance with Fed. R. Civ. P. 11(a) and D. Mass. Local Rule 83.5.3.

## II. LEGAL STANDARD AND ARGUMENT

### *A. Intervention as of Right — Fed. R. Civ. P. 24(a)(2)*

9.A movant is entitled to intervene as of right where: (1) the motion is timely; (2) the movant claims an interest relating to the property or transaction which is the subject of the action; (3) the movant is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2); see also Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 109–110 (1st Cir. 1999) (setting out the four-part First Circuit test).

10.Timeliness. This Motion is filed promptly, with Koledova proceeding pro se, while the action remains at the pleading stage, no scheduling order has issued establishing a fact-discovery deadline that intervention would disrupt, and no dispositive motion has been decided. Koledova's claims are timely under the applicable three-year limitations periods, see M.G.L. c. 260, § 2A (personal injury torts) and Owens v. Okure, 488 U.S. 235 (1989) (§ 1983 claims borrow the forum state's personal-injury limitations period), as the July 18, 2024 Incident occurred less than three years ago. Courts assess timeliness by reference to the totality of the circumstances, including the stage of the litigation, prejudice to existing parties, and prejudice to the movant if intervention is denied. See Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992). All factors favor timeliness here.

11.Interest relating to the transaction. Koledova's interest arises from the identical encounter, at the identical time and place, involving the identical officers and the identical vehicle stop that forms the factual predicate for the claims already pending in this action. Her interest in obtaining an adjudication of the lawfulness of the MIT Campus Police's conduct

during that encounter, and in recovering for the injuries she personally sustained during it, is directly and inextricably related to the transaction that is the subject of this action.

12.Practical impairment. Absent intervention, a separate action by Koledova risks inconsistent factual findings regarding the same encounter — for example, differing findings as to the duration, manner, and justification for the stop and detention, and as to Captain Martin's policy of directing MIT Campus Police to monitor and pursue Weinberg's vehicle — and risks that principles of issue preclusion or judicial estoppel arising from rulings in the main action could impair Koledova's ability to fully litigate her own claims in a later-filed, separate proceeding.

13.Inadequate representation. Weinberg does not, and cannot, assert Koledova's individual claims for her own emotional distress, her own physical injury, or her own unlawful seizure and interrogation; those are personal to Koledova and are not, and could not be, adequately represented by the existing Plaintiff, whose claims sound in his own distinct legal theories (including trade secret misappropriation, correction of inventorship, and fraud on the tribunal) that do not encompass Koledova's tort and civil-rights injuries.

***B. Permissive Intervention — Fed. R. Civ. P. 24(b)(1)(B)***

14.In the alternative, and independently, the Court should grant permissive intervention because Koledova "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As set out above, Koledova's claims and the existing claims arise from a single, continuous law-enforcement encounter and share overlapping questions regarding the conduct of the same MIT Campus Police officers and MIT's state-actor status. In exercising its discretion, the Court "must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). For the reasons above, no such delay or prejudice exists here.

### *C. Conclusion*

15.For the foregoing reasons, Koledova respectfully requests that the Court GRANT this Motion, permit her to intervene as a plaintiff in this action, and accept for filing her Proposed Complaint in Intervention, attached as Exhibit A.

Respectfully submitted,

VERA KOLEDOVA,

Proposed Intervenor-Plaintiff, Pro Se,

____________________________

Vera Koledova

23 Lapham Street, Medford, MA 02155

Tel. (781) 859-8192

Email: vkoledov@broadinstitute.org

Dated: August 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2026, a true and correct copy of the foregoing Motion, Memorandum in Support, and Proposed Complaint in Intervention was served upon all

counsel and parties of record via hand-delivery to the Clerk's office and then via the Court's CM/ECF electronic filing system, and, as to any party not yet subject to electronic service, via first-class U.S. Mail, postage prepaid.

Vera Koledova, Pro Se